UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CARLOS A. WILLIAMS )

      Plaintiff, )

       )    Case No. 17-CV-08613

      v. )

       )    Judge Sara L. Ellis

MEGAN J. BRENNAN, Postmaster )
General for the United States Postal Service )

      Defendant )

## PLAINTIFF'S MOTION IN LIMINE TO ADMIT AND EXCLUDE EVIDENCE FOR TRIAL

Plaintiff, Carlos A. Williams, pro se, submits to the Court his Motion in Limine and moves this Court to enter an Order in limine granting his submissions.

EVIDENCE TO BE ADMITTED FOR TRIAL:

1.) Motion in Limine any evidence, arguments, testimony, and/or documents for trial that states or shows that the Plaintiff's EEO involvement with other persons lead to retaliatory discipline, threats, harassment, discrimination, or adverse employment actions towards these other persons.

2.) Motion in Limine any evidence, arguments, testimony, and/or documents for trial pertaining to any and all adverse employment actions, complaints of harassment, retaliation, discrimination, wrongful termination, or discipline made or filed by the Plaintiff or anyone at the Glen Ellyn Post Office who was either represented by the Plaintiff or by an individual from the No Harassment Foundation.

3.) Motion in Limine any evidence, arguments, testimony, and/or documents for trial regarding Plaintiff's expert witness (James McGovern), the expert witness'

1

testimony, and the expert witness' analysis report as well as any communications from the expert witness to and from the Plaintiff.

4.) Motion in Limine any evidence, arguments, testimony, and/or documents for trial regarding Plaintiff's expert witness (James McGovern), the expert witness' testimony, the expert witness' analysis report as well as any and all communications from the expert witness to and from Plaintiff and the Plaintiff's former attorneys (Sam Sedaei, Jonathon Goldman, Deane Brown, and Justin Tresnowski).

5.) Motion in Limine any evidence, arguments, testimony, and/or documents for trial showing income from Social Security Death Benefits, private citizen work, and Unemployment Benefits that Plaintiff has provided to former counsel (Sam Sedaei and Jonathon Goldman) during Discovery.

6.) Motion in Limine any evidence, arguments, testimony, and/or documents for trial that shows Plaintiff's Constitutional and Due Process Rights were violated when Plaintiff was put in Double Jeopardy when he was returned to work from the May 29, 2013 Emergency Placement on July 11, 2013.

7.) Motion in Limine any evidence, arguments, testimony, and/or documents for trial that include Plaintiff's signed back pay 8039 worksheet and deposition testimony of Jayne Duewirth stating that Plaintiff did sign back pay paper work and that it is being processed.

8.) Motion in Limine any evidence, arguments, testimony, and/or documents for trial the EEO ruling from ALJ Henry Hamilton dated April 29, 2014 and the settlement payment issued by the USPS dated May 16, 2014 for this EEO settlement in the amount

$5,000 mailed to Plaintiff's home address 556 Acadia Trail, Roselle, IL 60172 by the USPS Law Department, Chicago, IL.

9.) Motion in Limine any evidence, arguments, testimony, and/or documents for trial to preserve the Plaintiff's ability to testify to the disagreements between himself and his former attorneys (Sam Sedaei, Jonathon Goldman, Deane Brown, and Justin Tresnowski) of what his former attorneys claim of attorney client breakdown and their subsequent withdrawal of representation of the Plaintiff.

10.) Motion in Limine any evidence, arguments, testimony, and/or documents for trial regarding medical documentation, records, or communications to and from the Plaintiff's medical doctors, psychologists, psychiatrists, and Employee Assistance Program (EAP) counselors as well as any communications from the Plaintiff's medical doctors, psychologists, psychiatrists, and Employee Assistance Program (EAP) counselors to the USPS management officials, lawyers, OIG, or any other persons from the USPS.

11.) Motion in Limine any evidence, arguments, testimony, and/or documents for trial regarding the complaint made against supervisor Tammy Hollingsworth and James Gillispie including, but not limited to any EEO complaints filed by the Plaintiff and settlements made, offered, and signed by Postmaster James Gillispie.

12.) Motion in Limine any evidence, arguments, testimony, and/or documents for trial that include any discipline issued by supervisors John Walsh, Connie Principe, Postmaster James Gillispie, or any member from Labor Relations from the USPS in the Norther Illinois district while Plaintiff was employed at the Glen Ellyn Post Office from May, 2010 through September, 2014.

13.) Motion in Limine any evidence, arguments, testimony, and/or documents for trial that shows that Plaintiff was given until June 9, 2014 to return to work by Postmaster James Gillispie.

13.) This is needed to show Plaintiff was not AWOL as per charging documents.

EVIDENCE TO BE EXCLUDED FROM TRIAL:

1.) Motion in Limine any evidence, arguments, testimony, and/or charging documents for trial that indicate the Plaintiff was AWOL (Absent With Out Leave) from his position at the Postal Service starting June 6, 2014.

2.) Motion in Limine any evidence, arguments, testimony, and/or documents for trial that states the Plaintiff either failed to mitigate or did not mitigate.

3.) Motion in Limine any evidence, arguments, testimony, and/or documents for trial that the Plaintiff refused to sign Back Pay paper work to get him paid from the June 4, 2014 settlement.

4.) Motion in Limine the typed letter signed by Ellen Smid and provided to James Gillispie.

5.) Motion in Limine any evidence, arguments, testimony, and/or documents for trial of the June 9, 2014 5-Day Notice to substantiate your absence issued by Connie Principe and/or James Gillispie.

6.) Motion in Limine any evidence, arguments, testimony, and/or documents for trial of the June 17, 2014 5-Day Notice to substantiate your absence issued by Connie Principe and/or James Gillispie.

4

Dated: March 14, 2022

Respectfully submitted,

Carlos A. Williams

## CERTIFICATE OF SERVICE

I, Plaintiff, Carlos Williams, certify under penalty of perjury that on this date, March 14, 2022, I filed via E-file to temporary_e-filing@ilnd.uscourts.gov regarding case 1:17-cv-08613.


U.S. Attorney John R. Lausch, Jr.
U.S. Attorney Kathleen M. Flannery
U.S. Attorney's Office- N.D. IL.
219 S. Dearborn St. Suite 500
Chicago, IL 60604

The Honorable Judge Sara L. Ellis
Everett McKinley Dirksen United States Courthouse
Courtroom 1403
219 S. Dearborn Street
Chicago, IL 60604



Respectfully submitted,


Carlos A. Williams
556 Acadia Trail
Roselle, IL 60172
themajorplan@yahoo.com
(331) 575-8850

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CARLOS A. WILLIAMS )

    Plaintiff, )

            )    Case No. 17-CV-08613

    v. )

            )    Judge Sara L. Ellis

MEGAN J. BRENNAN, Postmaster )
General for the United States Postal Service )

    Defendant )

## MEMORANDUM OF POINTS FOR MOTION IN LIMINE

ARGUMENT:

EVIDENCE TO BE ADMITTED FOR TRIAL:

    1.) Motion in Limine any evidence, arguments, testimony, and/or documents for trial that states or shows that the Plaintiff's EEO involvement with other persons lead to retaliatory discipline, threats, harassment, discrimination, or adverse employment actions towards these other persons.

1.) Fellow co-workers of the Plaintiff at the Glen Ellyn Post Office will testify at trial to their knowledge of Plaintiff's treatment and on-going harassment committed by supervisors Connie Principe, John Walsh, and Postmaster James Gillispie and the treatment they received by named management officials for their involvement with Plaintiff and his EEO representation of the No Harassment Foundation as well as testify to Connie Principe calling the police on the Plaintiff while on duty at work for washing his hands at break and refusing to leave upon instruction by Connie Principe which the 5-minute wash-up is a known contractual affordance.

1

2.) Motion in Limine any evidence, arguments, testimony, and/or documents for trial pertaining to any and all adverse employment actions, complaints of harassment, retaliation, discrimination, wrongful termination, or discipline made or filed by the Plaintiff or anyone at the Glen Ellyn Post Office who was either represented by the Plaintiff or by an individual from the No Harassment Foundation.

2.) The Plaintiff will demonstrate and show that the agencies on-going harassment from initial hire of May, 2010 through his wrongful termination in September of 2014 was and is a pretext of discrimination/retaliation/wrongful termination.

3.) Motion in Limine any evidence, arguments, testimony, and/or documents for trial regarding Plaintiff's expert witness (James McGovern), the expert witness' testimony, and the expert witness' analysis report as well as any communications from the expert witness to and from the Plaintiff.

3.) The Plaintiff's expert witness' analysis report will provide the jury and the Court with extensive damages the Plaintiff suffered from his wrongful termination through the years July, 2013 through present.

4.) Motion in Limine any evidence, arguments, testimony, and/or documents for trial regarding Plaintiff's expert witness (James McGovern), the expert witness' testimony, the expert witness' analysis report as well as any and all communications from the expert witness to and from Plaintiff and the Plaintiff's former attorneys (Sam Sedaei, Jonathon Goldman, Deane Brown, and Justin Tresnowski).

4.) This limine will show and prove to the jury and the Court that the Plaintiff provided mitigating income in the forms of Social Security Death Benefits, private citizen work, unemployment, and EEO representation payments.

5.) Motion in Limine any evidence, arguments, testimony, and/or documents for trial showing income from Social Security Death Benefits, private citizen work, EEO representation, and Unemployment Benefits that Plaintiff has provided to former counsel (Sam Sedaei and Jonathon Goldman) during Discovery.

5.) This limine will show the Court and the jury that the Plaintiff did have mitigating income and it was provided to former attorneys.

6.) Motion in Limine any evidence, arguments, testimony, and/or documents for trial that shows Plaintiff's Constitutional and Due Process Rights were violated when Plaintiff was put in Double Jeopardy when he was returned to work from the May 29, 2013 Emergency Placement and issued a Notice of Removal for the same charge that he was Emergency Placed (and returned to work from) on July 11, 2013.

6.) The Court acknowledged that Double Jeopardy did occur, but ruled it moot because it was settled at arbitration. It is not moot because the settlement at arbitration did not make the Plaintiff whole. In order for the Constitutional violation of Double Jeopardy to be settled correctly, the Plaintiff would have to be made whole, i.e. all discipline should have been rescinded and Plaintiff should have received 100% of his back pay as per case C00095/AC-E-4890D. Instead, Plaintiff only received 50% of his back pay and was left with discipline remaining in his file. The inclusion of this evidence shows that the management's putting the Plaintiff in Double Jeopardy is a severe, defective adverse employment action that the Agency

has a duty to cure when shown. The only remedy from Double Jeopardy per Brown vs Board of Education where the Court ruled that a Federal employee's job is his property and cannot be taken away without Due Process. When the defendant entered into a settlement leaving a 7-day suspension and paying the Plaintiff only 50% of his back pay the Plaintiff is still harmed and not made whole.

> 7.) Motion in Limine any evidence, arguments, testimony, and/or documents for trial that include Plaintiff's signed back pay 8039 worksheet and deposition testimony of Jayne Duewirth stating that Plaintiff did sign back pay paper work and that it is being processed.

7.) This Limine will prove to the Court and the jury that management officials at the USPS has had Plaintiff's signed back pay paperwork and has refused to pay the Plaintiff his back pay from the July 11, 2013 Removal and did not pay the Emergency Placement from May 29, 2013.

> 8.) Motion in Limine any evidence, arguments, testimony, and/or documents for trial the EEO ruling from ALJ Henry Hamilton dated April 29, 2014 and the settlement payment issued by the USPS dated May 16, 2014 for this EEO settlement in the amount $5,000 mailed to Plaintiff's home address 556 Acadia Trail, Roselle, IL 60172 by the USPS Law Department, Chicago, IL.

8.) This will show the Court and the jury that an administrative law judge (Henry Hamilton) ruled that the managers at the Glen Ellyn Post Office were charged with retaliation, ordered to expunge the Plaintiff's discipline, and pay the Plaintiff $5,000.

> 9.) Motion in Limine any evidence, arguments, testimony, and/or documents for trial to preserve the Plaintiff's ability to testify to the disagreements between himself

4

and his former attorneys (Sam Sedaei, Jonathon Goldman, Deane Brown, and Justin Tresnowski) of what his former attorneys claim of attorney client breakdown and their subsequent withdrawal of representation of the Plaintiff.

9.) It is relevant and pertinent to the Plaintiff's case that the jury knows why he is representing himself pro se. The Plaintiff will testify to the reason why his former attorneys withdrew from his case after he submitted to them case curing evidence and case law, Department of Justice v Nazelrod, i.e. King v Nazelrod as well as the Double Jeopardy/Constitutional violation as cited in response #6.

10.) Motion in Limine any evidence, arguments, testimony, and/or documents for trial regarding medical documentation, records, or communications to and from the Plaintiff's medical doctors, psychologists, psychiatrists, and Employee Assistance Program (EAP) counselors as well as any communications from the Plaintiff's medical doctors, psychologists, psychiatrists, and Employee Assistance Program (EAP) counselors to the USPS management officials, lawyers, OIG, or any other persons from the USPS.

10.) This will show that management knew that the Plaintiff had medical documentation that covered his absences and that Plaintiff was not AWOL.

11.) Motion in Limine any evidence, arguments, testimony, and/or documents for trial regarding the complaint made against supervisor Tammy Hollingsworth and James Gillispie including, but not limited to any EEO complaints filed by the Plaintiff and settlements made, offered, and signed by Postmaster James Gillispie.

11.) This will show the pattern of harassment initiated by James Gillispie concocting sexual harassment allegations against the Plaintiff.

12.) Motion in Limine any evidence, arguments, testimony, and/or documents for trial that include any discipline issued by supervisors John Walsh, Connie Principe, Postmaster James Gillispie, or any member from Labor Relations from the USPS in the Norther Illinois district while Plaintiff was employed at the Glen Ellyn Post Office from May, 2010 through September, 2014.

12.) The discipline issued by managers at the Glen Ellyn Post Office to the Plaintiff from his initial hire as a letter carrier in May of 2010 through September, 2014 was continuous, ongoing, and proof of a hostile work environment, harassment, and retaliation for his EEO activity.

13.) Motion in Limine any evidence, arguments, testimony, and/or documents for trial that shows that Plaintiff was given until June 9, 2014 to return to work by Postmaster James Gillispie.

13.) This is needed to show Plaintiff was not AWOL as per charging documents.


EVIDENCE TO BE EXCLUDED FROM TRIAL:

1.) Motion in Limine any evidence, arguments, testimony, and/or charging documents for trial that indicate the Plaintiff was AWOL (Absent With Out Leave) from his position at the Postal Service starting June 6, 2014.

1.) The USPS has evidence that the Plaintiff was not AWOL per the charging document and that James Gillispie's June 6, 2014 letter instructing Plaintiff to return to work on June 9, 2014 eliminates the charge of AWOL and the Plaintiff must me returned to work status quo ante per Department of Justice v Nazelrod, i.e. King v Nazelrod.

6

2.) Motion in Limine any evidence, arguments, testimony, and/or documents for trial that states the Plaintiff either failed to mitigate or did not mitigate.

2.) The defendant, USPS, is aware that the Plaintiff receives Social Security Death Benefits and knows this is income. The defendant is also aware of Plaintiff's private citizen work and EEO representation.

3.) Motion in Limine any evidence, arguments, testimony, and/or documents for trial that the Plaintiff refused to sign Back Pay paper work that would pay him for the June 4, 2014 settlement.

3.) The defendant, USPS, is possession of signed and unsigned copies of the back pay worksheet, but presented the unsigned copy to the Court. The Plaintiff will show the Court and jury signed copies of backpay paperwork that is in Discovery.

4.) Motion in Limine the typed letter signed by Ellen Smid and provided to James Gillispie.

4.) The Court ruled that the Plaintiff's witness statements from fellow co-workers were not admissible because they were not collected under penalty of perjury. Ellen Smid's typed letter that was signed by her was not collected under penalty of perjury. Therefore, it is inadmissible.

5.) Motion in Limine any evidence, arguments, testimony, and/or documents for trial of the June 9, 2014 5-Day Notice to substantiate your absence issued by Connie Principe and/or James Gillispie.

5.) The 5-Day Notice issued by Connie Principe and concurred by Postmaster James Gillispie is in conflict with James Gillispie's June 6, 2014 return to work on June 9, 2014 letter. Therefore, Plaintiff should not have been sent a 5-Day Notice for being AWOL on June 9, 2014.

7

6.) Motion in Limine any evidence, arguments, testimony, and/or documents for trial of the June 17, 2014 5-Day Notice to substantiate your absence issued by Connie Principe and/or James Gillispie.

6.) The 5-Day Notice issued by Connie Principe and concurred by Postmaster James Gillispie is in conflict with James Gillispie's June 6, 2014 return to work on June 9, 2014 letter. Therefore, Plaintiff should not have been sent a 5-Day Notice for being AWOL on June 17, 2014 because he was not AWOL.

Dated: March 14, 2022

Respectfully submitted,

Carlos A. Williams

## CERTIFICATE OF SERVICE

I, Plaintiff, Carlos Williams, certify under penalty of perjury that on this date, March 14, 2022, I filed via E-file to temporary_e-filing@ilnd.uscourts.gov regarding case 1:17-cv-08613.

U.S. Attorney John R. Lausch, Jr.
U.S. Attorney Kathleen M. Flannery
U.S. Attorney's Office- N.D. IL.
219 S. Dearborn St. Suite 500
Chicago, IL 60604

The Honorable Judge Sara L. Ellis
Everett McKinley Dirksen United States Courthouse
Courtroom 1403
219 S. Dearborn Street
Chicago, IL 60604

Respectfully submitted,

Carlos A. Williams
556 Acadia Trail
Roselle, IL 60172
themajorplan@yahoo.com
(331) 575-8850

9

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARLOS A. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 17 C 8613 |
| | ) | |
| LOUIS DeJOY, Postmaster General of the | ) | Judge Ellis |
| United States Postal Service, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTIONS IN LIMINE AND MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTIONS *IN LIMINE* TO EXCLUDE CERTAIN EVIDENCE AND ARGUMENT AT TRIAL

### Introduction

Defendant United States Postal Service moves *in limine* to exclude evidence or argument at trial that is irrelevant, as well as likely to confuse or mislead the jury, and likely to unduly delay or extend the trial. The Postal Service seeks an order barring plaintiff, who is proceeding *pro se*, from introducing evidence or presenting argument on several irrelevant issues or contentions, specifically: (1) alleged discriminatory or retaliatory acts directed at third parties; (2) claims and allegations dismissed at summary judgment (or never pleaded); (3) unpleaded (and unfounded) allegations of constitutional violations, particularly plaintiff's allegations that he has been the victim of a "double jeopardy" and due process violation; (4) equitable damages issues that will be for the court, not the jury, to decide; and (5) Williams's unfounded allegations of attorney misconduct. Excluding this irrelevant evidence and unfounded argument will result in a more efficient and fairer trial.[1]

---

[1] Pursuant to the court's standing order, the parties met and conferred regarding the parties' respective *motions in limine* during a phone call on March 11, 2022. The parties also exchanged emails regarding the motions on March 14, 2022.

## Background

Plaintiff Carlos Williams brought this Title VII action, alleging that his former employer, the Postal Service, discriminated against him on the basis of race (Count I), color (Count II), national origin (Count III), gender (Count IV), age (Count V), association with a disabled person (Count VI), and disability (Count VII).  Dkt. 1, Compl.  Williams also alleged that the Postal Service retaliated against him because of his prior EEO activity (Count VIII).  Williams's complaint identified a litany of materially adverse employment actions that he claims to have suffered while working at the Postal Service.  Specifically, Williams alleged that he was discriminated and retaliated against by management when, among other events: (1) he was put "on emergency placement from May 29, 2013, to June 27, 2013" after a customer complained about him ("2013 Emergency Placement"); (2) he was issued a notice of removal on July 11, 2013 ("2013 Notice of Removal"); and (3) following his reinstatement, he was issued another notice of removal on July 11, 2014 ("2014 Notice of Removal").  Dkt. 1 ¶¶ 11, 15.

The Postal Service moved for summary judgment, seeking dismissal of those claims.  On October 16, 2019, the court granted in part and denied in part the Postal Service's motion.  Dkt. 62, Op. & Order.  Specifically, the court dismissed all of Williams's claims *except* his claims for race, gender, and national origin discrimination and retaliation relating to his 2014 Notice of Removal.  *Id.* at 27.  The court also concluded that Williams had raised additional claims that were either untimely or not supported by the evidence.  *Id.*  For example, the court concluded that Williams "cannot proceed on his newly-raised contention that USPS created a hostile work environment" because it was "not sufficiently developed."  *Id.* at 15-16.  Similarly, the court concluded that Williams raised "for the first time" that the Postal Service failed to pay him backpay, as provided for in a pre-arbitration settlement, and that the court would not consider this

argument as "a basis for discrimination" or as a "separate breach of contract claim." *Id*. at 16 n.9.

As a result of the summary judgment decision, the only claims now proceeding to trial are Williams's "claims of race, gender, and national origin discrimination and retaliation related to the 2014 notice of removal." *Id*. at 27.

## Argument

1. **Motion *in Limine* No. 1: Evidence of Alleged Discriminatory or Retaliatory Acts Directed at Persons Other Than Plaintiff**

   First, Williams should not be permitted to present evidence or argument about his coworker's alleged experiences with discrimination or retaliation. In this case, there is significant risk that Williams will seek to vastly and unnecessarily prolong the trial by referencing claims of discrimination or retaliation by nonparties. For example, Williams claims to have co-founded an organization (outside the normal labor relations infrastructure) called the "No Harassment Foundation," through which he "represented" several coworkers who had filed EEO complaints. More specifically, Williams has also repeatedly claimed that another employee at the Glen Ellyn post office, Barbara Walker, was also the subject of discrimination and retaliation. As such, Williams became aware of claims of discrimination or retaliation by a number of nonparties, and it is likely that he will try to reference those instances at trial. If Williams seeks to introduce evidence or witnesses relating their own alleged discrimination, the Postal Service will then have to address all of those satellite claims, explaining how each nonparty EEO complaint was investigated, what the findings were, and how the complaint was resolved; leading, effectively, to an unnecessary trial-within-a-trial for each claim of discrimination by a nonparty.

   The court should not allow these type of side shows for two reasons. First, allegations of discrimination or retaliation by nonparties are simply not relevant to the question of what led to *Williams's* termination. And second, even if they could carry some minor degree of probative

value (it is not clear how it would), that value would be substantially outweighed by the "significant potential" for prejudice, juror confusion, and trial delay. *Grayson v. O'Neill*, 308 F.3d 808, 816 (7th Cir. 2002) ("evidence of generalized racism directed at others is not relevant unless it has some relationship to the employment decision in question"); *Manuel v. City of Chicago*, 335 F.3d 592, 597 (7th Cir. 2003) (affirming district court's exclusion of evidence that supervisor discriminated against other employees because such evidence had slight probative value and significant potential for prejudice, juror confusion, and delay); *Speedy v. Rexnord Corp.*, 243 F.3d 397, 405–06 (7th Cir. 2001) (district court properly excluded evidence relative to supervisor's alleged harassment of two other employees because such evidence was highly prejudicial); *Lewis v. City of Chicago*, 590 F.3d 427, 443–44 (7th Cir. 2009) (affirming the exclusion of "evidence of discrimination and retaliation against other employees" because "the high likelihood of juror confusion and inherent delay that would surely accompany the disputes involved in the introduction of this evidence outweighed what little value could be gleaned from it"). Williams should be barred from referencing claims of discrimination or retaliation by nonparties as well as his work with the "No Harassment Foundation."

## 2. Motion *in Limine* No. 2: Evidence and Argument Regarding Claims Not at Issue or Counts Dismissed at Summary Judgment

The court should bar any evidence and argument regarding claims not at issue or counts dismissed at summary judgment. As explained above, Williams's only remaining claims at issue in this case are those based on his contention that the Postal Service issued him a notice of removal in 2014 because of his race, gender, or national origin or in retaliation for his protected activity. The rest of his claims have been dismissed, and no evidence or argument should be allowed on any of those claims.

Any argument or evidence regarding the dismissed claims would unfairly prejudice the

Postal Service, would confuse the issues and mislead the jury by falsely suggesting that the dismissed claims are still part of this case, and would cause undue delay. *See* Fed. R. Evid. 401, 403. Critically, the court has already dismissed many of Williams's claims. Permitting Williams to argue that his 2013 Emergency Placement or 2013 Notice of Removal was a result of discrimination would unfairly prejudice the Postal Service and confuse the jury. Indeed, the court has already determined that the 2013 Emergency Placement and 2013 Notice of Removal were not the result of discrimination.

The Postal Service recognizes that the parties will likely introduce evidence regarding the 2013 Emergency Placement and 2013 Notice of Removal in order to provide context and a chronology for the subsequent 2014 Notice of Removal. The jury will need to understand why Williams had not reported to work for over *one year* before the Postal Service issued a notice of removal and terminated him in August of 2014. But Williams should not be permitted to re-hash arguments that the 2013 discipline was the result of discrimination or retaliation simply because he disagrees with this court's opinion. *Kratville v. Runyon*, 90 F.3d 195, 198 (7th Cir. 1996) (summary judgment is a final judgment on the merits, precluding any re-litigation of dismissed claims). Therefore, to avoid confusing the jury and creating undue delay, Williams should be barred from presenting any evidence or argument regarding the dismissed claims or any other claim not presently before this court.

**3.  Motion *in Limine* No. 3:  Evidence or Argument Regarding Alleged Constitutional Violations**

The court should bar any evidence or argument regarding alleged constitutional violations. Williams has argued throughout this case that his constitutional rights have been violated and, specifically, that he has been subjected to "double jeopardy" or that his due process rights have been violated. He makes this "double jeopardy" allegation despite the fact that none of the

employment discipline involves criminal charges. The Postal Service objects to Williams arguing or suggesting that he has been subject to a constitutional due process or "double jeopardy" violation, or somehow comparing himself to a criminal defendant. These arguments should be barred because they are wrong, irrelevant, likely to confuse the jury, and likely to prejudice the Postal Service.

Williams has repeatedly argued that he was subjected to double jeopardy by the Postal Service. Specifically, the Postal Service placed Williams on emergency placement in 2013 and then subsequently issued a notice of removal in 2013 after an incident involving Williams and a female high school teenager that occurred while Williams was delivering mail on his route. Dkt. 62 at 21-22. Williams argues that the 2013 Emergency Placement and 2013 Notice of Removal together constitute double jeopardy. The widely known principle of double jeopardy is that the "Double Jeopardy Clause of the Fifth Amendment protects a criminal defendant from multiple prosecutions for the same offense." *United States v. Warren*, 593 F.3d 540, 544 (7th Cir. 2010) (emphasis supplied). However, in support of his double jeopardy argument, Williams relies upon a 1977 arbitrator's decision that stands for the proposition that "an agency cannot impose a disciplinary or adverse action more than once for the same conduct." Dkt. 62 at 21 (referencing 1977 decision and also citing *Cooper v. Dept. of Veterans Affairs*, 2012 M.S.P.B. 23, 5). Williams has repeated this argument many times throughout the course of litigation. *See id.; see also* Dkt. 118, P. Obj. to Attorney's Mot. to Withdraw, at 3-4 (referencing double jeopardy at least ten times and explaining a disagreement with appointed counsel regarding the double jeopardy argument); Dkt. 124, P. Mot. Dismiss, 3-4 (referencing double jeopardy at least six times and stating "the Agency has never given a worthy explanation for their actions with regards to the adverse employment action/Double Jeopardy which was kept hidden from me deliberately until I

discovered it in 2017); Dkt. 131, at 13 ("Jon Goldman and Sam Sedaei did not present the double jeopardy argument i.e., case curing evidence in a way that would have legally bound the Judge to rule in my favor at Summary Judgment.") *see also* Dkt. 128, P. Obj. to Court's Mot. Ruling, at 3 (referencing double jeopardy).

Williams's arguments regarding double jeopardy should be barred for multiple reasons. As a preliminary matter, the court already dismissed Williams's claims relating to the 2013 Emergency Placement and 2013 Notice of Removal. *See supra*, MIL No. 2. Thus, the propriety of the 2013 Emergency Placemen or 2013 Notice of Removal will not be at issue at trial. Further, the court already addressed Williams's contention that it was improper for the Postal Service to impose "two forms of discipline for the same conduct." Dkt. 62 at 21-22. The court held that Williams did not provide "any evidence indicating a deviation from USPS' internal employment procedures," and, further, that "the 1977 arbitrator decision alone cannot give rise to an inference that USPS did not believe the reason given for the 2013 notice of removal." *Id.* at 22. The court also held that Williams "does not point to evidence that Principe, Gillispie, or Walsh knew of this double jeopardy prohibition or willfully ignored it in issuing the notice of removal." *Id.* Ultimately, the court rejected Williams's contention that these two forms of discipline were improper or that a jury could find that they were imposed because of discrimination. *Id.* Thus, the court has already considered and rejected Williams's contention that he was subjected to "double jeopardy."

Moreover, Williams's references to "double jeopardy" would carry a very real risk of confusing the jury without a good deal of unnecessary explanation by the court. Double jeopardy is a concept unique to criminal proceedings. *Bravo-Fernandez v. United States*, 137 S. Ct. 352 (2016). Introduction of that term at a civil trial would make no sense and could confound the

jury's understanding of what's at issue. Williams himself is not on trial and is certainly not facing a *second* trial for the same criminal offence. Further, the use of this term would be even more confusing to a jury because the defendant in this case is an agency of the government—the entity that is explicitly barred from subjecting a criminal defendant to multiple prosecutions. Thus, Williams's confusing use of the term "double jeopardy" should therefore be barred in advance of trial.

Similarly, Williams has also repeatedly argued that his due process rights have been violated. *See, e.g.,* Dkt. 124 at 2, 4-5, 18. But Williams never actually stated a "due process" claim in the complaint (he could not have), and due process is not properly an issue or claim in the case. Williams's use of the term due process—a concept that jurors have likely heard about but will not be instructed on—thus carries a significant risk of confusion. Williams should be barred from referencing any "due process" violation.

Finally, Williams should be barred from arguing that he is the defendant in this lawsuit or that he intends to "take the witness stand in his own defense." Dkt. 129, P. Obj. to Court's Ruling, at 3. Simply put, Williams is suing the Postal Service. Williams is the plaintiff. The Postal Service is the defendant. Williams has not been charged with a crime and it is not necessary for Williams to argue that he plans to "take the witness stand in his own defense" as if he has been charged with a crime. Any such argument would be highly prejudicial to the Postal Service, irrelevant, and likely to confuse the jury. This is especially so because the Postal Service is the government. Indeed, a jury may think that the government is prosecuting Williams for something like a crime, when it is not. While this type of hyperbole is not relevant, even if it were, its relevance would not carry sufficient weight to overcome the inherent prejudice to the defendant. *See* Fed. R. Evid. 401, 403.

4. **Motion** *In Limine* **No. 4:  Evidence Regarding the Extent of Williams's Damages That the Jury Is Not Permitted to Decide**

The court should bar any evidence regarding the extent of Williams's alleged damages that the jury is not permitted to decide.  The jury should be presented only with evidence on the issues they will decide, which does not include any issues relating to Williams's request for front pay, back pay, or reinstatement.  And if ultimately necessary, the Postal Service requests that the court (and not the jury) determine whether Williams failed to mitigate his damages.  Because courts have determined that front pay, back pay, reinstatement, and mitigation are issues for the district court to decide, the court should bar Williams from presenting evidence on these damage-related issues.

If Williams were to be successful in proving liability, it is the court and not the jury who should decide all issues (including amount) relating to an award back pay or front pay under Title VII.  Those are equitable-relief issues for the judge's determination rather than the jury's verdict. *See, e.g., Kaplan v. City of Chicago,* No. 99 C 1758, 2005 WL 1026574, at *4 (N.D. Ill. Apr. 22, 2005) (granting motion *in limine* to exclude evidence related to front pay and back pay because "back pay and front pay awards under Title VII are equitable issues for the judge's determinations rather than the jury"); *Taylor v. Gilbert & Bennett*, No. 95 C 7228, 1997 WL 30948, at *4 (N.D. Ill. Jan. 15, 1997) (back pay "remains a form of equitable relief under Title VII (and the ADA), and that it is for a judge, not a jury, to decide"); *Pals v. Schepel Buick & GMC Truck, Inc.,* 220 F.3d 495, 500-01 (7th Cir. 2000); *Williams v. Pharmacia, Inc.,* 137 F.3d 944, 951-52 (7th Cir.1998) (holding Title VII authorizes front pay as an equitable remedy); *Federal Civil Jury Instructions of the Seventh Circuit,* cmt. to No. 3.11 (2017) (explaining that a jury instruction on back pay should not be given ordinarily because "back pay is an equitable remedy to be decided by the court").

9

Relatedly, the court, and not the jury, should determine Williams's alleged failure to mitigate his damages. The Postal Service raised the affirmative defense of failure to mitigate damages in its answer to the complaint. Dkt. 10, Answer at First Defense. The Seventh Circuit has suggested that a trial judge may address "both backpay and mitigation." *EEOC v. Rent-A-Center East, Inc.*, Case No. 16-222, 2018 WL 11326934, at *3 (C.D. Ill. Jan. 25, 2018) (determining that trial judge could determine the issue of front pay and mitigation and discussing *Stragapede v. City of Evanston*, 865 F.3d 861, 864 (7th Cir. 2017)). Indeed, courts have concluded that if a district court "is to determine backpay, evidence relating to the issue of mitigation, which is a defense to backpay and only relevant to backpay, should also be presented to and determined by the Court." *Rent-A-Center*, 2018 WL 11326934, at*3. Thus, the court should address the Postal Service's failure to mitigate defense rather than the jury.

Likewise, the court, and not the jury, determines whether Williams is entitled to the reinstatement with the Postal Service that he seeks. *See* Dkt. 1 ¶ 24. Like front pay and back pay, reinstatement is an equitable remedy, and equitable remedies are determined by the court. *See, e.g.*, *Tomao v. Abbott Lab.*, No. 04 C 3470, 2007 WL 141909 (N.D. Ill. Jan. 16, 2007) ("The court agrees that entitlement to front pay, back pay, and reinstatement are equitable issues to be decided by a judge and not a jury."); *Williams v. Pharmacia, Inc.,* 137 F.3d 944, 952 (7th Cir. 1998) (Title VII explicitly "authorizes reinstatement as an equitable remedy."). Thus, if Williams were prevail at trial, the district court and not the jury would determine whether Williams failed to mitigate his damages and is entitled to reinstatement, back pay, or front pay. The jury should not hear evidence on issues that it will not decide.

### 5. **Motion *In Limine* No. 5: Argument Regarding Alleged Attorney Misconduct**

The court should bar any argument regarding alleged attorney misconduct. Williams will likely argue that various attorneys involved in this lawsuit have engaged in alleged misconduct. Specifically, Williams has filed numerous motions that reflect his belief that attorneys involved in this case—including his former attorneys, in-house counsel at the Postal Service, and undersigned counsel for the Postal Service—have engaged in misconduct, have committed discovery violations, or that a conflict of interest exists between some of the attorneys. *See, e.g.,* Dkt. 129, at 2-3 (discussing former counsel); 131, P. Mot. Re-Open Discovery, at 2 (discussing alleged conflict of interest between plaintiff's former counsel and counsel for the Postal Service), at 2-3 (discussing alleged shortcomings by former attorneys and referencing an ARDC complaint filed against them), at 7 (arguing that undersigned counsel engaged in wrongdoing during a deposition); 132, P. Am. Mot. to Re-Open Discovery, at 1 ("former counsel failed and refused to pose key questions and present key exhibits"); *see generally* Dkt. 124. As explained below, the court should bar Williams from raising any issue regarding alleged attorney wrongdoing.

As a preliminary matter, many of Williams's complaints are baseless or unsubstantiated. Notably, neither this court nor the ARDC have concluded that Williams's former attorneys, undersigned counsel, or in-house counsel for the Postal Service have engaged in wrongdoing. Further, the Postal Service vigorously disputes any allegations that its attorneys have engaged in discovery or ethical violations, which in any event would be a matter for the court, not the jury, to consider. (If requested, the Postal Service can provide a substantive response to plaintiff's allegations of wrongdoing directed towards them.)

Putting aside the lack of merit to Williams's assertions, argument during trial that Williams's former attorneys and the Postal Service's current attorneys engaged in wrongdoing

11

would be prejudicial and irrelevant.  Specifically, if permitted to argue that the attorneys have engaged in wrongdoing, it is quite likely that the Postal Service will suffer unfair prejudice because jurors—who are unfamiliar with the rules of professional conduct for attorneys or the Federal Rules of Civil Procedure—are likely to view these attorneys' actions as potentially unethical or improper.  Williams may also argue that agency counsel for the Postal Service and the partners at the law firm that previously represented Williams have colluded with each other merely because they have known each other for many years (but have not spoken in many years).  Simply put, this kind of argument would confuse the jury and it also lacks any probative value.  *See generally Rockwell Graphics Sys., Inc. v. Dev Indus., Inc.*, 1992 WL 249618, at *2 (N.D. Ill. Sept. 25, 1992) (excluding evidence pertaining to plaintiff's law firm's prior representation of a former defendant and witness because "the appearance of collusion between [the former defendant and witness] and [the plaintiff], when there could not have been any, and the likely confusion which will stem from this line of questioning, outweighs any probative value that might exist").

Ultimately, allowing argument or testimony that Williams's former attorneys, undersigned counsel, and in-house counsel for the Postal Service have engaged in wrongdoing would confuse the issues, mislead the jury, and create a danger of unfair prejudice, not to mention unnecessarily complicating the trial if the attorneys have to defend their pretrial conduct with additional testimony and if the court has to explain the issues to the jury.  Thus, the Postal Service requests that the court bar Williams from arguing that former and current attorneys involved in this case have engaged in wrongdoing or committed ethical violations.

12

## Conclusion

For the foregoing reasons, the court should grant the Postal Service's motions *in limine*.

Respectfully submitted,

JOHN R. LAUSCH, Jr.
United States Attorney

By: s/ Kathleen Marie Flannery
    KATHLEEN MARIE FLANNERY
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-7223
    kathleen.flannery@usdoj.gov

13