UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARLOS A. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 17 C 8613 |
| v. ) | |
| ) | Judge Sara L. Ellis |
| MEGAN J. BRENNAN, as Postmaster ) | |
| General for the United States Postal Service, ) | |
| ) | |
| Defendant. ) | |

# ORDER

The Court grants in part and denies in part Plaintiff Carlos Williams' motions *in limine* and grants Defendant Megan Brennan's, as Postmaster General for the United States Postal Service ("USPS"), motions *in limine* [133]. See Statement for further details.

# STATEMENT

**I.    Williams' Motions *in Limine***

   **A.    Motions to Admit**

      **1.    Motion to admit testimony by Plaintiff's coworkers**

Williams asks the Court to admit the testimony of his coworkers at the Glen Ellyn Post Office regarding the following topics: (1) their knowledge of Williams' supervisors' (Connie Principe, John Walsh, and Postmaster James Gillispie) "treatment and on-going harassment" of him; (2) the discriminatory or retaliatory acts directed at them by Principe, Walsh, and Gillispie in response to their involvement with Williams and the No Harassment Foundation, an organization through which Williams and two others helped USPS employees file EEO complaints; and (3) an altercation that occurred in April 2013 between Williams and Principe that resulted in Principe calling the police.  Doc. 133 at 7.  In response, USPS does not object to Williams' request to call witnesses who will testify regarding their personal knowledge of relevant events leading up to and surrounding the 2014 notice of removal, which is the only remaining adverse employment action at issue.[1]  However, USPS objects to Williams' motion to the extent it seeks to admit testimony regarding other unrelated incidents, wrongdoing not directed at Williams, or claims or arguments that the Court rejected on summary judgment.

---

[1] In ruling on USPS' motion for summary judgment, the Court entered judgment for USPS on Williams' discrimination and retaliation claims related to the remainder of Williams' alleged adverse employment actions, including those related to the 2013 emergency placement and notice of removal.  Doc. 62 at 14–22.

Specifically, as to Williams' first proposed topic (coworkers' testimony regarding their knowledge generally of Williams' supervisors' treatment of him), USPS contends that such testimony is only admissible to the extent it relates to the 2014 removal. The Court considered and rejected many alleged statements made by Williams' supervisors and specific examples of their treatment of him as bases for his discrimination and retaliation claims in connection with USPS' motion for summary judgment. Doc. 62. As a result, Williams may not elicit testimony regarding any of those rejected incidents, including, for example, statements Walsh made in 2012 about how Williams did not think he had to follow the rules because he was black. *Id.* at 17. The only issue the Court allowed to proceed to trial is whether certain of Williams' protected characteristics (race, gender, national origin, and protected EEO activity) caused the 2014 notice of removal. *Id.* at 27. Accordingly, the Court will allow Williams' coworkers to testify regarding their personal knowledge of Williams' supervisors' treatment of him in connection with the 2014 notice of removal.

USPS contends that although the Court already resolved Williams' claims related to the 2013 emergency placement and notice of removal, evidence related to those two adverse actions is relevant to the 2014 notice of removal because it explains why Williams was not at work leading up to his 2014 removal for attendance issues. USPS argues that the "jury will need to understand why Williams had not reported to work for over *one year* before [USPS] issued a notice of removal and terminated him in August of 2014." Doc. 146 at 4. While the Court agrees, the parties can accomplish this by simply introducing evidence that confirms that USPS terminated Williams in 2013 and later agreed to allow him to return to work. The Court resolved Williams' claims related to the 2013 emergency placement and notice of removal on summary judgment and as a result, the circumstances surrounding them are irrelevant to his remaining claims regarding the 2014 notice of removal. Thus, the Court will not allow the parties to introduce any evidence regarding the underlying cause of or details surrounding Williams' 2013 termination. To streamline the trial and avoid confusion, the Court encourages the parties to agree to a stipulation regarding Williams' 2013 termination.

USPS further argues that the Court should not permit these witnesses to testify to Walsh's treatment of Williams because Walsh did not supervise Williams in 2014 and was not involved in his 2014 removal and thus, such evidence is irrelevant and may confuse the jury. The Court tends to agree that Walsh's treatment of Williams unrelated to the 2014 notice of removal likely does not carry much probative value. *See Egonmwan v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 845, 850 (7th Cir. 2010) (for a stray remark to establish discriminatory motivation, it must be "(1) made by the decisionmaker, (2) around the time of the decision, and (3) in reference to the adverse employment action"). However, the Court cannot say categorically that Walsh's treatment of Williams is irrelevant to Williams' remaining claims. For example, as explained in more detail in response to Williams' motion to admit number 2, the EEO complaints Williams filed while working at the Glen Ellyn Post Office are relevant to his retaliation claim and Williams filed multiple EEO complaints against Walsh. Thus, the Court will not limit the proposed testimony to Principe's and Gillispie's treatment of Williams. However, as explained above, the Court will only allow Williams' coworkers to testify regarding their personal knowledge of Walsh's treatment of Williams in connection with the 2014 notice of removal (to the extent such testimony exists).

As to the second proposed topic (discriminatory or retaliatory acts directed at the coworkers by Principe, Walsh, and Gillispie in response to their involvement with Williams and the No Harassment Foundation), USPS argues that the Court should deny Williams' motion under Federal Rules of Evidence 402 and 403 because nonparty grievances are irrelevant to the claims at issue and would risk confusing the jury, cause undue delay, and be unduly prejudicial to USPS. Williams submits that he plans to introduce two witnesses (Barbara Walker and Jermaine Jackson) who will testify that, after USPS terminated Williams, they heard Gillispie and Principe tell workers at the Glen Ellyn Post Office: "[I]f anyone else engaged in filing EEO's they would find themselves in the unemployment line just like Carlos Williams." Doc. 137 at 7. USPS does not object to such testimony if Walker and Jackson have personal knowledge of the statement. Thus, subject to Williams laying the proper foundation for Walker and Jackson's testimony, the Court will allow them to testify to that statement. However, the Court will not allow them to testify regarding any other alleged discriminatory or retaliatory acts directed at them by Principe, Walsh, or Gillispie. Such testimony is irrelevant to Williams' claims and any minimal probative value the testimony has is certainly outweighed by the significant risk of confusion, delay, and undue prejudice it poses.

Finally, as to the third proposed topic, the Court already rejected Williams' argument that the April 2013 altercation between him and Principe constitutes an adverse employment action or that it occurred because of his protected characteristics. *See* Doc. 62 at 15, 17 (finding the altercation did not amount to an adverse action and that "the record does not suggest any basis to connect [it] to any of Williams' protected characteristics"). Thus, the Court bars any evidence regarding the April 2013 incident.

In summary, the Court grants in part and denies in part Williams' motion to admit number 1. If Williams' coworkers are able to lay the proper foundation, the Court will permit them to testify regarding their personal knowledge of Principe's, Walsh's, and Gillispie's treatment of Williams in connection with the 2014 notice of removal and that they heard Gillispie and Principe say, "[I]f anyone else engaged in filing EEO's they would find themselves in the unemployment line just like Carlos Williams." Doc. 137 at 7. However, the Court bars them from testifying to Williams' managers' treatment of him unrelated to the 2014 notice of removal and any discriminatory or retaliatory acts directed at them.

### 2. Motion to admit complaints made by Plaintiff or employees represented by Plaintiff or the No Harassment Foundation

Williams asks the Court to admit evidence of all harassment, discrimination, and retaliation complaints made by him and employees represented by him or the No Harassment Foundation from his initial hire in May 2010 through his termination in 2014 to show that USPS' stated reason for his removal was pretextual. As explained above, evidence regarding complaints made by other employees is irrelevant to Williams' 2014 termination and the risks of introducing it strongly outweigh any probative value it carries. As a result, the Court will not allow Williams to introduce such evidence. However, the Court will permit Williams to admit evidence regarding EEO complaints he filed while working at the Glen Ellyn Post Office starting in 2010 to support his retaliation claim. USPS asserts that the Court has "limited Williams's

claims to events surrounding his 2014 Notice of Removal and, therefore, the court should not allow Williams to introduce argument relating to events that occurred in 2010, 2011, 2012, and early 2013." Doc. 146 at 9. But this is not entirely accurate. While the Court entered judgment in USPS' favor on Williams' claims related to all alleged adverse employment actions other than the 2014 notice of removal, the Court has not made any finding of fact regarding the protected activity at issue in Williams' retaliation claim. *See Ferguson v. City of Chicago*, No. 13 C 4084, 2016 WL 3226529, at \*4 (N.D. Ill. June 13, 2016) ("The Court's denial of summary judgment . . . 'does not settle or even tentatively decide anything about the merits of the claim. It is strictly a pretrial order that decides only one thing—that the case should go to trial.' The Court could have entered an order deeming certain facts established in the case pursuant to Federal Rule of Civil Procedure 56(g). But the Court did not do so." (citations omitted)).

Therefore, all the EEO complaints Williams filed while working at the Glen Ellyn Post Office are relevant to his retaliation claim. However, the Court will not allow Williams to introduce evidence regarding the facts underlying each complaint. Such evidence would confuse the jury and cause undue delay. Williams must limit evidence regarding his EEO complaints to the following: the fact that he filed a complaint, when he filed the complaint, and the resolution of the complaint. Accordingly, the Court grants in part and denies in part Williams' motion to admit number 2. The Court will allow Williams to admit limited evidence regarding the EEO complaints he filed on his own behalf while working at the Glen Ellyn Post Office, but Williams may not admit evidence of complaints filed by his coworkers. To streamline the trial and avoid confusion, the Court encourages the parties to agree to a stipulation regarding the EEO complaints Williams filed.

### 3. Motion to admit testimony and report of Plaintiff's damages expert

Williams asks the Court to admit the testimony and report of his damages expert, James McGovern. However, after Williams disclosed McGovern as an expert, the Court stayed all remaining expert discovery pending the result of the trial, Doc. 88, in response to the parties' joint request to do so, Doc. 79 at 1. Thus, Williams cannot now change his position and seek to admit McGovern's testimony and report at trial. Williams argues that his attorneys filed the joint request without his consent and that USPS could have engaged in discovery to rebut McGovern's report but chose not to. However, Williams' attorneys signed the joint status report on his behalf. Doc. 79. This is not the proper forum to allege that Williams' attorneys did so without his consent. Moreover, regardless of the parties' previous positions, the evidence is irrelevant to the trial. McGovern's testimony and report pertain to Williams' front pay and backpay damages, which are equitable remedies under Title VII for the Court to decide, not the jury. *See Seventh Circuit Federal Civil Jury Instructions*, No. 3.10 cmt. c ("Under Title VII and the ADA, back pay and front pay are equitable remedies to be decided by the court."); *Pals v. Schepel Buick & GMC Truck, Inc.*, 220 F.3d 495, 501 (7th Cir. 2000); 42 USC § 2000e-5(g)(1). Thus, the jury need not consider McGovern's testimony or report. The Court will do so if Williams prevails at trial. And because the Court stayed expert discovery, USPS could not have engaged in discovery to refute McGovern's report. Thus, the Court denies Williams' motion to admit number 3.

      **4.     Motion to admit communications with Plaintiff's damages expert**

Williams also asks the Court to admit communications between McGovern and himself or his former attorneys to show that Williams mitigated his damages through death benefits, unemployment benefits, private citizen work, and EEO representation. USPS raises a failure to mitigate defense in response to Williams' request for backpay, which as discussed above is an issue for the Court to decide. *See EEOC v. Rent-A-Center E., Inc.*, No. 16-2222, 2018 WL 11326934, at *3 (C.D. Ill. Jan. 5, 2018) ("[F]ailure to mitigate is a subsidiary issue of backpay, and therefore should be heard by the Court."). Thus, the jury need not consider any evidence related to backpay or Williams' failure to mitigate damages. Any such evidence is therefore irrelevant and inadmissible at trial. The Court accordingly denies Williams' motion to admit number 4.

      **5.     Motion to admit evidence of Plaintiff's mitigating income**

Williams asks the Court to admit evidence of his mitigating income from death benefits, unemployment benefits, private citizen work, and EEO representation provided to his former attorneys. The Court denies Williams' motion to admit number 5 for the same reasons it denied his motion to admit number 4. This evidence is irrelevant to the trial and is accordingly inadmissible.

      **6.     Motion to admit evidence of USPS subjecting Plaintiff to double jeopardy**

Williams asks the Court to admit evidence of USPS subjecting him to double jeopardy by bringing him back to work after the emergency placement and then issuing the notice of removal for the same incident in 2013. Williams seeks to admit this evidence to show that the incident constituted an adverse employment action and violated his right to due process under the Fourteenth Amendment. However, the Court already addressed and rejected Williams' argument that this alleged double jeopardy could support Williams' discrimination and retaliation claims. *See* Doc. 62 at 17–22 (entering judgment in favor of USPS on Williams' discrimination and retaliation claims related to the 2013 emergency replacement and notice of removal and rejecting argument that the alleged double jeopardy demonstrates pretext). Williams asserts that at summary judgment, the Court "acknowledged that Double Jeopardy did occur, but ruled it moot because it was settled at arbitration." Doc. 133 at 9. This is inaccurate; the Court did not make any finding regarding whether USPS subjected Williams to double jeopardy in 2013. The Court merely noted that "on its face," the 2013 notice of removal "appears to violate this prohibition on double jeopardy," Doc. 62 at 21–22, and went on to say that "the parties [did] not present the Court with sufficient facts surrounding the decision to bring Williams back to work prior to issuing him a notice of removal. Any issues unrelated to his discrimination claims that Williams had surrounding [the 2013] notice of removal were settled in the pre-arbitration settlement and are not properly before the Court here," *id.* at 22 n.11. Williams argues that the issue is not moot because the settlement did not make him whole and violated his due process rights. However, Williams' complaint makes no allegations regarding the deficiencies of the 2014 settlement or double jeopardy/due process violations. And as explained above, the Court will not allow the introduction of any evidence regarding the circumstances surrounding the 2013 emergency

5

placement and notice of removal. As a result, any evidence intended to challenge the sufficiency of the 2014 settlement is irrelevant and inadmissible. The Court accordingly denies Williams' motion to admit number 6 and bars any evidence intended to show double jeopardy/due process violations. Williams may only admit evidence that is relevant to his remaining discrimination and retaliation claims related to the 2014 notice of removal.

### 7. Motion to admit evidence of Plaintiff's submitted backpay paperwork

Williams asks the Court to admit his signed backpay paperwork and Jayne Duewirth's deposition testimony regarding the paperwork to demonstrate that USPS has refused to pay him the backpay it owes him despite having the signed paperwork. However, the Court already considered and rejected Williams' argument that USPS' failure to pay him backpay amounts to an adverse employment action or can form the basis for his discrimination claims. *See* Doc. 62 at 16 n.9. And as previously discussed, Williams' "complaint includes no mention of issues related to the pre-arbitration settlement." *Id.* Therefore, the Court denies Williams' motion to admit number 7 and bars the introduction of evidence relating to the sufficiency of or details within the pre-arbitration settlement.

### 8. Motion to admit April 29, 2014 EEOC ruling

Williams asks the Court to admit evidence of and relating to the April 29, 2014 ruling by an EEOC administrative law judge concluding that Walsh retaliated against Williams in 2010 for his protected EEO activity by issuing Williams a notice of removal for his late delivery of express mail. As explained in connection with Williams' motion to admit number 2, the Court will allow Williams to admit the following limited evidence regarding the EEO complaints he filed while working at the Glen Ellyn Post Office (including the 2010 complaint that resulted in the April 29, 2014 ruling) in support of his retaliation claim: the fact that he filed a complaint, when he filed the complaint, and the resolution of the complaint. In response to this motion, USPS agrees to stipulate for the purposes of Williams' retaliation claim that "Williams engaged in protected EEO activity and that he received a favorable EEO ruling on April 29, 2014." Doc. 146 at 15. The Court encourages Williams to agree to such a stipulation to streamline the trial and minimize juror confusion.

Yet, USPS argues that the Court should deny Williams' motion because he fails to demonstrate that Principe or Gillispie, the supervisors involved in issuing the July 2014 notice of removal, knew of the April 2014 EEO ruling and he thus fails to demonstrate that it is relevant to his retaliation claim. *See Stephens v. Erickson*, 569 F.3d 779, 788 (7th Cir. 2009) ("Clearly, a superior cannot retaliate against an employee for a protected activity about which he has no knowledge."). However, Williams need not demonstrate that Principe or Gillispie knew of the April 2014 EEOC ruling for the ruling to be *admissible*. The EEOC ruling is certainly relevant to his retaliation claim and it will be for the jury to decide, after considering the evidence admitted at trial, whether Principe or Gillispie knew of the ruling and whether Williams has sufficiently shown that they would not have terminated him if he had not engaged in protected EEO activity. Thus, the Court grants Williams' motion to admit number 8 in part and will allow him to admit the following evidence regarding the April 2014 EEOC ruling: the fact that he filed a complaint, when he filed the complaint, and the resolution of the complaint. The Court denies

Williams' motion to admit number 8 to the extent it seeks to admit any other evidence relating to the ruling, such as details regarding the underlying allegations of the 2010 complaint.

### 9. Motion to permit Plaintiff's testimony regarding his attorneys' withdrawal of representation

Williams asks the Court to allow him to testify regarding the disagreements he had with his former attorneys that caused them to withdraw their representation of him so that the jury can understand why he is representing himself *pro se*. Williams appears to argue that because he requests attorney's fees, the jury will know that his "former paid attorneys abandoned him" and so he should be able to explain to the jury that he is not "a difficult client." Doc. 137 at 15. USPS objects, arguing that such testimony is simply not relevant to Williams' discrimination or retaliation claims or USPS' defenses to those claims. The Court agrees. Williams' disagreements with his attorneys in 2020 and 2021 have no bearing on whether USPS issued the 2014 notice of removal because of Williams' protected characteristics. Moreover, like Williams' request for backpay and front pay, the Court will decide Williams' request for attorney's fees if he prevails at trial. So, the jury will not be aware of Williams' request for attorney's fees. Thus, the Court denies Williams' motion to admit number 9. In response to this motion, USPS agrees to the Court "reading a short statement to the jury stating that Williams was previously represented by counsel but is now proceeding *pro se*, and that he is not entitled to a court-appointed attorney because this is a civil lawsuit." Doc. 146 at 17. The parties should come to the pretrial conference prepared to discuss such a jury instruction.

### 10. Motion to admit evidence regarding Plaintiff's medical documentation for his requested sick leave

Williams asks the Court to admit evidence of his medical documentation to show that USPS management knew that he had the documentation required for sick leave and was not AWOL. Specifically, Williams seeks to admit his medical documentation and records; communications between his doctors, psychologists, psychiatrists, and Employee Assistance Program ("EAP") counselors; and communications between these medical professionals/EAP counselors and USPS management officials, USPS lawyers, USPS' Office of the Inspector General ("OIG") personnel, or any other USPS personnel. In response, USPS concedes that if Williams could lay a proper foundation to admit evidence that he or the referenced medical professionals/EAP counselors communicated with either Principe or Gillispie regarding his medical condition prior to his removal on August 18, 2014, such evidence is relevant to Williams' race, gender, and national origin discrimination and retaliation claims. However, USPS argues that the Court should not allow Williams to admit medical records or documentation that his supervisors did not have knowledge of prior to issuing the notice of removal because any such evidence is irrelevant and would be unfairly prejudicial to USPS. However, as explained in connection with Williams' motion to admit number 8, Williams need not demonstrate that Principe or Gillispie knew about this evidence prior to issuing the notice of removal for the evidence to be *admissible*. The medical documentation and related communications are certainly relevant to Williams' 2014 termination and it will be for the jury to decide, after considering the evidence admitted at trial, whether Williams has sufficiently shown

that Principe and Gillispie would not have terminated him if he was not part of a protected class and/or had not engaged in protected EEO activity.

However, without more detail regarding the specific communications and documentation that Williams seeks to admit and how he intends to admit it, the Court cannot determine whether the evidence is admissible. Therefore, the Court reserves ruling on Williams' motion to admit number 10 for trial when it can better assess the admissibility of the proposed evidence. Williams must notify the Court, outside the presence of the jury, before seeking to admit such evidence. Finally, the Court notes that because it entered judgment in favor of USPS regarding Williams' disability discrimination claim, *see* Doc. 62 at 24 n.9, 27, that claim is no longer at issue and Williams may not discuss it at trial. In other words, in connection with introducing evidence regarding his medical condition, Williams may not make any sort of argument regarding his disability discrimination claim.

### 11.     Motion to admit EEO complaints made against USPS personnel

Williams asks the Court to admit evidence of and relating to a complaint made against Gillispie and another USPS employee named Tammy Hollingsworth, including but not limited to any EEO complaints filed by Williams and settlements made, offered, and signed by Gillispie. Williams seeks admission of this evidence to "show the pattern of harassment initiated by James Gillispie concocting sexual harassment allegations against [him]." Doc. 133 at 11. USPS objects to introduction of evidence regarding the incident involving Hollingsworth, arguing that it is irrelevant to Williams' remaining claims and would confuse the jury, create undue delay, and be unfairly prejudicial to USPS. As previously explained, any EEO complaints Williams filed while working at the Glen Ellyn Post Office are relevant to his retaliation claims. However, the Court will only allow Williams to admit the following limited evidence regarding the EEO complaint: the fact that he filed the complaint, when he filed the complaint, and the resolution of the complaint. The Court will not allow Williams to introduce evidence regarding the underlying details of the incident or allow Williams to argue that Gillispie engaged in a pattern of "concocting sexual harassment allegations" against him. USPS also asserts that Williams failed to include this EEO complaint against Gillispie and Hollingsworth in his complaint, but the complaint alleges that "[d]uring his employment with Defendant, Plaintiff filed at least seven EEO complaints." Doc. 1 at 2. Thus, the Court denies in part and grants in part Williams' motion to admit number 11 as described herein.

### 12.     Motion to admit evidence of any discipline issued against Plaintiff by his supervisors at the Glen Ellyn Post Office

Williams asks the Court to admit evidence of and relating to any discipline he received from Walsh, Principe, Gillispie, or any person from USPS Labor Relations for the Northern District of Illinois while working at the Glen Ellyn Post Office to show that USPS created a hostile work environment and harassed and retaliated against him. However, the Court already considered and rejected Williams' belated hostile work environment argument, *see* Doc. 62 at 15–16, so Williams may not submit any evidence in support of such an argument. Moreover, Williams may not submit any evidence of specific incidents of discipline already rejected by the Court as a basis for his discrimination and retaliation claims, including, for example, the 2013

8

emergency placement and notice of removal and being sent home early by Gillispie and Principe. *See id.* at 15–22. The Court will only allow Williams to introduce evidence regarding the remaining discipline at issue—the 2014 notice of removal—to show that USPS discriminated and retaliated against him. Thus, the Court denies in part and grants in part Williams' motion to admit number 12 as described herein.

### 13. Motion to admit evidence of Plaintiff's return to work date

Williams asks the Court to admit evidence indicating that Gillispie gave him until June 9, 2014 to return to work to show that he was not AWOL. USPS does not object to Williams' motion, and so the Court grants Williams' motion to admit number 13.

### B. Motions to Exclude

#### 1. Motion to exclude evidence that indicates Plaintiff was AWOL starting June 6, 2014

Williams asks the Court to exclude any evidence that indicates he was AWOL starting June 6, 2014 because he argues that Gillispie's June 6, 2014 letter instructing him to return to work on June 9, 2014 indicates he was not AWOL between June 6 and June 9. However, Williams fails to explain why this highly relevant evidence is inadmissible and the Court sees no reason to categorically exclude it. Such evidence is relevant to the key question in the case: why USPS issued the 2014 notice of removal and more specifically, the circumstances surrounding Williams' return to work in June. Williams is free to argue to the jury that Gillispie's June 6, 2014 letter instructing him to return to work on June 9, 2014 indicates that USPS knew he was not AWOL on June 6, 2014. It will be up to the jury to decide what inferences to draw from the evidence admitted at trial. Thus, the Court denies William's motion to exclude number 1.

#### 2. Motion to exclude evidence that Plaintiff failed to mitigate damages

Williams asks the Court to exclude evidence that he failed to mitigate damages because he argues that USPS knows he received income through Social Security death benefits, private citizen work, and EEO representations. As discussed in response to Williams' motion to admit number 4, the jury need not consider any evidence related to Williams' failure to mitigate damages and thus, such evidence is irrelevant and inadmissible at trial. The Court accordingly grants Williams' motion to exclude number 2 and excludes any evidence related to front pay, backpay, and Williams' failure to mitigate damages. In the event Williams prevails at trial, the parties will present such evidence to the Court.

#### 3. Motion to exclude evidence that Plaintiff refused to sign backpay paperwork

Williams next asks the Court to exclude evidence that he refused to sign the backpay paperwork related to the pre-arbitration settlement because he argues that USPS is in possession of a signed copy of the paperwork. As explained in connection with Williams' motion to admit number 7, the Court bars the introduction of evidence relating to the sufficiency of or details

9

within the pre-arbitration settlement. Thus, the Court will also not allow any evidence regarding Williams' alleged refusal to sign the backpay paperwork in connection with the pre-arbitration settlement. Any such evidence is irrelevant to the remaining claims at issue. The Court accordingly grants Williams' motion to exclude number 3.

### 4. Motion to exclude letter from Ellen Smid to Gillispie

Williams asks the Court to exclude the letter from Ellen Smid to Gillispie explaining the May 2013 interaction she had with Williams because he asserts that it was not sworn under oath or made under penalty of perjury. USPS objects, arguing that the letter is relevant and will not be admitted for the truth of the matter therein, making it admissible. USPS indicates it intends to admit the letter, with the proper foundation, to demonstrate the information available to Williams' supervisors when they decided to terminate him in July 2013. However, as explained above, the 2013 termination is no longer at issue in this case and so, the Court will not allow the introduction of any evidence regarding the circumstances surrounding and underlying details of the 2013 termination. Thus, the Court grants Williams' motion to exclude number 4 and excludes Smid's letter to Gillispie.

### 5. Motion to exclude June 9, 2014 request for documentation

Williams asks the Court to exclude Principe's June 9, 2014 letter requesting medical documentation to substantiate his absences and informing him that failure to respond may result in USPS classifying his absence as AWOL because he argues that this letter conflicts with Gillispie's instruction that he should return to work on June 9, 2014. Williams again fails to explain why this highly relevant evidence is inadmissible and the Court sees no reason to exclude it. Principe's June 9, 2014 letter is relevant to the key issues in this case. To the extent Williams believes the letters conflict, this argument goes to the weight the jury should give the evidence, not its admissibility. As explained in connection with Williams' motion to exclude number 1, Williams is free to make these arguments to the jury and it will be up to them to decide what inferences to draw from the evidence. Thus, the Court denies William's motion to exclude number 5.

### 6. Motion to exclude June 17, 2014 request for documentation

Williams similarly asks the Court to exclude Principe's June 17, 2014 letter requesting medical documentation to substantiate his absences because he argues that the letter conflicts with Gillispie's instruction that he should return to work on June 9, 2014. The Court denies Williams' motion to exclude number 6 for the same reason it denied his motion to exclude number 5. To the extent the letters conflict, that argument goes to the weight of the evidence, not its admissibility.

II. **Defendant's Motions** *in Limine*

1. **Motion to preclude evidence or argument regarding discriminatory or retaliatory acts directed at Plaintiff's coworkers**

USPS asks the Court to preclude evidence or argument regarding claims of discrimination or retaliation by nonparties or Williams' work with the No Harassment Foundation because such evidence is not relevant and the significant risk of prejudice, juror confusion, and trial delay substantially outweighs its probative value. As explained in connection with Williams' motions to admit number 1 and 2, the Court will not allow the introduction of any evidence regarding alleged discriminatory or retaliatory acts suffered by nonparties while working at the Glen Ellyn Post Office with one exception: subject to laying the proper foundation, Williams' coworkers may testify that they heard Gillispie and Principe say, "[I]f anyone else engaged in filing EEO's they would find themselves in the unemployment line just like Carlos Williams." Doc. 137 at 7. Williams may not testify about his involvement with coworkers' complaints through the No Harassment Foundation because they are irrelevant to his own discrimination and retaliation claims. Therefore, the Court grants Defendants' motion *in limine* number 1 subject to the one exception detailed herein.

2. **Motion to preclude evidence or argument regarding claims not previously raised or those resolved on summary judgment**

USPS asks the Court to preclude evidence or argument regarding claims he has not previously raised or that the Court resolved on summary judgment because such evidence would confuse the jury and cause undue delay. As discussed in connection with many of Williams' motions to admit and exclude, the parties may not introduce any evidence related to arguments or claims that the Court considered and rejected in its summary judgment opinion. Williams also may not introduce evidence related to claims not pleaded in Williams' complaint. The Court will only allow evidence related to the remaining claims at issue in this case: Williams' race, gender, and national origin discrimination and retaliation claims related to the 2014 notice of removal. Thus, the Court grants Defendants' motion *in limine* number 2.

3. **Motion to preclude evidence or argument regarding alleged constitutional violations**

USPS asks the Court to preclude evidence or argument that USPS violated Williams' constitutional rights—specifically, that USPS subjected Williams to double jeopardy and/or violated his due process rights. USPS argues that such evidence is irrelevant, likely to confuse the jury, and likely to prejudice USPS. As discussed in connection with Williams' motions to admit number 1 and 6, any evidence regarding the details pertaining to Williams' 2013 termination or intended to challenge the sufficiency of the 2014 settlement, including Williams' double jeopardy and due process arguments, is irrelevant and inadmissible. Thus, the Court grants Defendants' motion *in limine* number 3 and bars Williams from introducing any evidence or making any double jeopardy/due process arguments.

4. **Motion to preclude evidence regarding damages that the jury will not decide**

USPS asks the Court to preclude evidence regarding front pay, backpay, reinstatement, or mitigation because they are issues for the Court to decide, not the jury. As discussed in connection with Williams' motions to admit numbers 3, 4, and 5 and his motion to exclude number 2, the jury need not consider evidence related to front pay, backpay, and mitigation because these are equitable remedies for the Court to determine, not the jury. Reinstatement is also an equitable remedy under Title VII that the Court will only determine if Williams prevails at trial. *See Williams v. Pharmacia, Inc.*, 137 F.3d 944, 952 (7th Cir. 1998) ("Title VII explicitly authorizes reinstatement as an equitable remedy."). As a result, the Court grants Defendants' motion *in limine* number 4 and bars introduction of evidence related to front pay, backpay, reinstatement, or mitigation as irrelevant.

5. **Motion to preclude argument regarding alleged attorney misconduct**

USPS asks the Court to preclude Williams from arguing that the attorneys involved in this case—including his former attorneys, in-house counsel for USPS, and trial counsel for USPS—have engaged in misconduct, have committed discovery violations, or have a conflict of interest because such argument is irrelevant, would be unfairly prejudicial to USPS, and would confuse the jury. USPS also submits that Williams' claims regarding attorney misconduct are baseless or unsubstantiated and would be for the Court to determine, not the jury. As discussed in connection with Williams' motion to admit number 9, the Court bars Williams from testifying regarding any disagreements he had with his former attorneys. Similarly, the Court will not allow Williams to testify or make arguments to the jury regarding any alleged misconduct on behalf of any attorneys involved in this case. Such evidence is completely irrelevant to Williams' discrimination and retaliation claims relating to the 2014 notice of removal and would be highly prejudicial for the jury to hear. Thus, the Court grants Defendants' motion *in limine* number 5.

Date: May 6, 2022 /s/ Sara L. Ellis